IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RHONDA CARTER | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | NO: |
| v. | : | |
| | : | |
| CHRISTIANA CARE HEALTH SERVICES | : | |
|     Defendant | : | |

## COMPLAINT AND JURY DEMAND

I.  **INTRODUCTION**

Plaintiff, Rhonda Carter, claims of Defendant, Christiana Care Health Services, ("Defendant"), a sum in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

2. This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 and U.S.C. §1981(a), and 42 U.S.C. §1981 ("§1981"), and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination and retaliation with respect to her compensation, terms, conditions and privileges of employment by the Defendant, based on her race (African-American) and protected status.

## II.   JURISDICTION AND VENUE

3.   The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, Title 42 U.S.C. §2000e-5(f), and 42 U.S.C. §1981, which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.   The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5.   All conditions precedent to the institution of this suit have been fulfilled. On October 10, 2007, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission. This action has been filed by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III.   PARTIES

6.   Plaintiff, Rhonda Carter, is an African-American citizen of the State of Delaware and resides therein at 169 Scottfield Drive, Newark, Delaware.

7.   Defendant, Christiana Care Health Services, was and is now a corporation duly organized and existing under the laws of the State of Delaware and maintains a place of business located 4755 Ogeltown Stanton Road, Newark, Delaware.

8.   At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendants.

9.   At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII and is subject to the provisions of said Act.

## IV. STATEMENT OF CLAIMS

10. The Plaintiff was employed by the Defendant from on or about July 30, 2001 until on or about October 3, 2006, when she was discharged as a result of the unlawful employment practices complained of herein.

11. During the course of her employment, the Plaintiff held the position of Education Coordinator, and at all times performed her job function in a dutiful, competent and courteous manner.

12. During the course of her employment, the Plaintiff was subjected to various instances of racial discrimination and racial harassment by her supervisor, Marcia Bukay which conduct created a hostile work environment for the Plaintiff.

13. The aforesaid discriminatory conduct included, but are not limited to, referring to African-Americans as "lazy", making derogatory and stereotypical comments in regards to African-Americans, making racially-derogatory references to the Plaintiff's hair styles, using derogatory slang while addressing the Plaintiff in e-mails, harassing other African-American employees in the presence of the Plaintiff, and by engaging in other discriminatory practices against the Plaintiff and other African-Americans in general.

14. The Plaintiff reported the aforesaid discriminatory treatment and conduct to the Defendant's management, including Lawrence Bryson, however, no corrective or remedial action was taken on her behalf.

15. The aforesaid hostile work environment detrimentally affected the Plaintiff's ability to perform her job function and caused her to suffer extreme emotional upset and distress necessitating a leave of absence.

16. The Plaintiff believes and avers that the Defendant's actions in failing to remediate the aforesaid the hostile work environment constituted discrimination against her on the basis of her race.

17. On or about June 21, 2006, the Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission, in Philadelphia, Pennsylvania. The said Charge alleged *inter alia*, that the Plaintiff was being subjected to a racially-hostile and offensive work environment.

18. Subsequent to the filing of the said Charge, the EEOC served the Defendant with a copy of the same.

19. Thereafter, the Plaintiff was subjected to frequent acts of retaliation and reprisal, ultimately resulting in her discharge from employment on October 3, 2006.

20. The Plaintiff believes and avers that she was discharged in retaliation for opposing unlawful discrimination it the workplace.

## COUNT I

### (TITLE VII – Hostile Environment)

21. Plaintiff incorporates by reference paragraphs 1 through 20 of this Complaint fully set forth at length herein.

22. The actions of the Defendant through its agents, servants and employees, in subjecting the Plaintiff to a racially hostile work environment constituted a violation of Title VII.

23. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

24. As a direct result of Defendant's willful and unlawful actions in violation of Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and other consequential damages.

## COUNT II
### (§1981– Race Discrimination; Retaliation)

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint fully set forth at length herein.

26. The actions of the Defendant through its agents, servants and employees, in discharging the Plaintiff because of her race and in retaliation for opposing unlawful discrimination constituted a violation of §1981.

27. The Defendant's acts of discrimination and retaliation as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

28. As a direct result of Defendant's willful and unlawful actions in violation of §1981, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, employee benefits, plus loss of back pay, and front pay and interest due thereon.

## PRAYER FOR RELIEF

29. Plaintiff repeats the allegations of paragraph 1 through 28 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

(a) Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other liquidated damages and non-pecuniary losses as allowable;

(c) Defendants pay to Plaintiff punitive damages pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

### JURY DEMAND

Plaintiff demands trial by jury.

LAW OFFICES OF G. KEVIN FASIC

G. Kevin Fasic, Esquire (DE 3496)
Legal Arts Building
1225 King Street, Suite 200
Wilmington, DE 19801
(302) 654-4501

Of Counsel:
Kevin I. Lovitz, Esquire
The Lovitz Law Firm, P.C.
1528 Walnut Street, Suite 1401
Philadelphia, PA 19102
(215) 735-1996 B Telephone
(215) 546-7440 B Facsimile
Kevin@lovitzlaw.com B E-Mail

Dated: November 13, 2007

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Rhonda Carter

### DEFENDANTS
Christiana Care Health Services, Inc.

(b) County of Residence of First Listed Plaintiff: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New Castle
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
G. Kevin Fasic, Esquire, Law Offices of G. Kevin Fasic
1225 King Street, Suite 200
Wilmington DE 19801  302-654-4801

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §2000(e) et seq.

Brief description of cause:
Race Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 11/9/07

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. `07-726-`

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____1_____ COPIES OF AO FORM 85.

_11/13/07_        _Joseph Bentrot (PARCELS)_
(Date forms issued)        (Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action