IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RHONDA CARTER, | : |
| Plaintiff, | : : |
| v. | : CIVIL ACTION : No. 07-00726-*** |
| CHRISTIANA CARE HEALTH SERVICES, | : : : |
| Defendant. | : |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT, CHRISTIANA CARE HEALTH SERVICES**

Defendant Christiana Care Health Services ("CCHS" or "Defendant"), by its attorneys, hereby responds to Plaintiff Rhonda Carter's ("Plaintiff") Complaint in accordance with its numbered paragraphs as follows:

1. It is admitted that Plaintiff purports to bring this civil action for declaratory, injunctive, monetary and other relief pursuant to certain laws. Defendant denies that it violated any statute or common law or that Plaintiff is entitled to any relief.

2. It is admitted that Plaintiff purports to bring this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) et seq., 42 U.S.C. §1981(a), and 42 U.S.C. §1981. It is denied that CCHS violated any statute or that Plaintiff is entitled to any relief.

3. The allegations of Paragraph 3 constitute conclusions of law to which no response is required.

4. The allegations of Paragraph 4 constitute conclusions of law to which no response is required.

5.  It is admitted that the Equal Employment Opportunity Commission issued a Notice of Right to Sue dated October 10, 2007.  Defendant is without knowledge or information sufficient to form a belief as to the date on which Plaintiff received this Notice and therefore denies those allegations.  The remaining allegations of Paragraph 5 constitute conclusions of law to which no response is required.

6.  It is admitted that Plaintiff is an African-American and that Defendant's records reflect her last known address to be the address set forth in Paragraph 6.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of this Paragraph, and therefore denies those allegations.

7.  Admitted.

8.  The allegations of Paragraph 8 constitute conclusions of law to which no response is required.

9.  The allegations of Paragraph 9 constitute conclusions of law to which no response is required.

10.  It is admitted that Plaintiff was employed by Defendant from on or about July 30, 2001 until on or about October 3, 2006.  The remaining allegations of Paragraph 10 are denied.

11.  Denied.

12.  Denied.

13.  Denied.

14.  Denied.

15.  Denied.

16.  Denied.

17. It is admitted that Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. That Charge speaks for itself and therefore the allegations of Paragraph 17 purporting to characterize that document are denied. CCHS is without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the date on which the Charge was filed, and therefore denies those allegations.

18. Admitted.

19. Denied.

20. Denied.

## COUNT I

21. CCHS incorporates by reference its responses to Paragraphs 1-20 of the Complaint as if set forth fully herein.

22. Denied.

23. Denied.

24. Denied.

## COUNT II

25. CCHS incorporates by reference its responses to Paragraphs 1-24 of the Complaint as if set forth fully herein.

26. Denied.

27. Denied.

28. Denied.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

29. CCHS incorporates by reference its responses to Paragraphs 1-28 of the Complaint as if set forth fully herein.

**WHEREFORE**, Defendant requests that Plaintiff's Complaint be dismissed with prejudice and that it be awarded its costs and attorneys' fees incurred in defending against Plaintiff's claims and that the Court grant such other and further relief as may be proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state any claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, by her failure to satisfy the statutory and/or jurisdictional prerequisites to the institution of an action under the statutes under which she purports to proceed.

4. Plaintiff's claims for monetary relief are barred or diminished to the extent she has failed to mitigate her damages.

5. Plaintiff's demand for punitive damages is barred in whole or in part because Defendant has made good faith efforts to comply with anti-discrimination laws at all times and has adopted, publicized, and enforced policies against the type of discrimination alleged in the Complaint.

6. All actions taken with respect to Plaintiff were taken in good faith and without discriminatory, harassing or retaliatory motive and for legitimate, non-discriminatory reasons.

7. Defendant has in place a strong policy against discrimination and otherwise exercised reasonable care to prevent and correct promptly any discrimination,

and Plaintiff unreasonably failed to take advantage of any preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

8. Defendant would have made the same decisions even in the absence of any impermissible factor.

Respectfully submitted,

*David H. Williams*

David H. Williams (ID No. 616)
dwilliams@morrisjames.com
James H. McMackin, III (ID No. 4284)
jmcmackin@morrisjames.com
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
P.O. Box 2306
Wilmington, DE 19899
302.888.6900/5849

Of Counsel:
Michael J. Ossip (admitted pro hac vice)
Sean W. Sloan (admitted pro hac vice)
Yordanis Teferi (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5761

Dated: January 4, 2008

*Attorneys for Defendant Christiana Care Health Services*